SEAN M. NOVAK, ESQ. (State Bar No. 198307)
**THE NOVAK LAW FIRM, P.C.**
2609 N. Sepulveda Blvd.
Manhattan Beach, CA 90266
Tel: (310) 921-8712
Fax: (310) 921-8732
Email: service@novaklawfirm.com

Attorney for Plaintiff
THERESA RODRIGUEZ

# UNITED STATES DISTRICT COURT-

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THERESA RODRIGUEZ<br><br>    Plaintiff,<br><br>    v.<br><br>AMERICAN AIRLINES GROUP, INC.; PIEDMONT AIRLINES, and DOES 1 to 20, inclusive;<br><br>    Defendants.<br>_____ | CASE NO.:<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **PREMISES LIABILITY;**<br>2. **NEGLIGENCE;**<br>3. **BREACH OF WRITTEN CONTRACT**<br><br>**[DEMAND FOR TRIAL BY JURY-Fed. R. Civ. P. 38 et seq.]** |

**COMES NOW** Plaintiff, THERESA RODRIGUEZ ("Plaintiff"), who alleges as follows:

1. At all relevant times, Plaintiff was and is an individual who is a resident of the State of California, living in the County of San Bernardino in the State of California.

2. Plaintiff is informed and believes, and thereon alleges, that at all relevant times defendant AMERICAN AIRLINES GROUP, INC (hereinafter referred to as "Defendant AMERICAN AIRLINES") was and is a business entity, form unknown, authorized to conduct business, and conducting business, in the State of California. Defendant's principal place of business is believed to be the City of Fort Worth, County of Tarrant in the State of Texas.

/ / /

1

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

3. Plaintiff is informed and believes, and thereon alleges, that at all relevant times defendant PIEDMONT AIRLINES (hereinafter referred to as "Defendant PIEDMONT") was and is a business entity, form unknown, authorized to conduct business, and conducting business, in the State of California.

4. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned Defendant and DOES 1 to 20, inclusive, and each of them, were the agents, representatives and/or employees of each other and were acting within the purpose and scope of their agency. The acts and conduct alleged herein of each such defendant were known to, authorized and ratified by each such defendant.

5. The true names or capacities, whether individual, corporate, associate or otherwise, of the defendants designated herein as Does 1 to 20, inclusive, are unknown to Plaintiff, who therefore sues said defendants by such fictitious names, and Plaintiff will seek leave to amend this Complaint at such time as the true names and/or capacities are ascertained. Plaintiff is informed and believes, and thereon alleges, that each of the defendants designated herein as a Doe is negligently or otherwise responsible in some manner for the events and happenings referred to, and negligently caused the injuries and damages to Plaintiff as herein alleged.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, each defendant, whether known or unknown and whether sued by name or as a Doe defendant, was the agent, employee and/or employer of each of the remaining defendants and was acting within the scope and course of said agency and employment.

7. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendant AMERICAN AIRLINES, PIEDMONT AIRLINES and DOES 1 to 20, inclusive (collectively, "Defendants"), and each of them, were in possession of and owned, operated, maintained, repaired, inspected, and controlled that certain aircraft and improvements identified as "American Airlines Flight Number 6025" (hereinafter referred to as "the subject aircraft").

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

8. Plaintiff is informed and believes, and thereon alleges that at all relevant times, Defendants operated and maintained the subject aircraft as a commercial aircraft, open to the public for commercial transportation at all relevant times.

9. On or about June 10, 2023, Plaintiff was lawfully upon the subject aircraft as a patron. While on the subject aircraft's premises, Plaintiff was injured as a result of dangerous and defective conditions on the aircraft caused by, and/or allowed to exist and persist, by Defendants or their employees and agents. Plaintiff thereby sustained injuries to Plaintiff's person as a result of Defendants' failure to properly repair and maintain the subject aircraft. Specifically, due to Defendants' failure to safely repair, maintain and operate the subject aircraft, the subject aircraft experienced mechanical failures that caused the subject aircraft to make an out of control and emergency landing and collide with the ground. As a result of the uncontrolled collision between the subject aircraft and the runway ground, Plaintiff suffered serious injuries to her body.

## FIRST CAUSE OF ACTION
## (PREMISES LIABILITY)

(Alleged Against All Defendants)

10. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 9, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

11. Plaintiff is informed and believes, and thereon alleges, that, at all relevant times, Defendants operated and maintained the subject aircraft as a commercial airplane. As a result, Defendants had a duty to maintain and repair said premises/aircraft in a safe manner and free from hazards and dangers. Plaintiff is further informed and believes, and thereupon alleges, that at all relevant times, Defendants, and each of them, were acting as common carriers with the utmost duty of care to Plaintiff, and others.

12. Plaintiff is further informed and believes, and thereon alleges, that the afore-described dangerous and defective conditions were caused and created by Defendants and their agents, representatives, and employees, thereby giving Defendants actual or constructive notice to correct and make safe the subject aircraft. Despite said notice, Defendants never took action

to correct or eliminate the dangerous and defective condition of the aircraft in advance of the subject incident, resulting in injuries and harm to Plaintiff.

13. Defendants failed to safely inspect, maintain and repair the subject aircraft in advance of the subject incident, in spite of ample opportunity to do so. The afore-described condition of the subject aircraft was dangerous and defective in that the subject aircraft as designed, maintained, controlled, and supervised by Defendants represented and constituted a hazard to persons on the subject aircraft. Furthermore, there were no warnings present to alert persons such as Plaintiff of the presence of the dangerous conditions.

14. As a direct and proximate result of the afore-described carelessness and negligence of Defendants in allowing the aforesaid dangerous and defective conditions to exist, failing to properly/safely repair and maintain the subject aircraft, and improperly controlling, inspecting, maintaining and designing the subject aircraft premises, and causing the same to be dangerous, Plaintiff sustained the hereinafter described injuries and damages.

15. At all relevant times, Defendants owed a duty to Plaintiff, as a patron of the Defendants, to maintain, inspect and repair the subject aircraft in a manner so as to make the aircraft safe for persons on the premises. Defendants further had a duty to warn Plaintiff of any dangers or hazards on the premises, and otherwise protect Plaintiff from such hazards and dangers. Defendants breached said duties by failing to protect Plaintiff and failing to provide reasonable and necessary warnings to Plaintiff.

16. Plaintiff is informed and believes, and thereon alleges, that the misconduct of Defendants is the proximate cause of all damages to Plaintiff herein alleged. Specifically, the failure of Defendants, and each of them, to safely repair and maintain the subject aircraft directly resulted in the failure of the subject aircraft to operate safely, to experience mechanical failure while flying, and resulted in an out of control landing that caused injuries and harm to Plaintiff. The full nature and extent of Plaintiff's injuries and damages are not presently known, and Plaintiff shall seek leave to amend to include further and additional damages at a later time.

/ / /

17. As a direct and proximate result of the misconduct of the Defendants, the Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law. Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

18. As a further direct and proximate result of the misconduct of Defendant Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses. The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

19. As a further direct and proximate result of the misconduct of the Defendants Plaintiff sustained loss of earnings and earning capacity. The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend her Complaint to set forth the exact amount thereof when the same is ascertained.

## SECOND CAUSE OF ACTION

### (NEGLIGENCE)

(Alleged Against All Defendants)

20. Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 19, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

21. Plaintiff is informed and believes, and hereon alleges, that Plaintiff was furthered injured due to negligent acts or omissions by agents, representatives or employees of Defendants.

22. Plaintiff is informed and believes, and hereon alleges, that at all relevant times Defendants owed Plaintiff a legal duty and/or duties both as a common carrier and as a commercial enterprise. As, Defendants, and each of them, were acting as common carriers they

5

owed the Plaintiff the utmost duty of care at all relevant times.  Plaintiff is further informed and believes that Defendants breached the duty or duties that they owed to Plaintiff.

23.  As a direct and proximate result of the negligence of the Defendants, Plaintiff was seriously injured in health, strength and activity, sustaining injury to the body and shock and injury to the nervous system and person, all of which said injuries have caused, and continue to cause Plaintiff great physical, mental and nervous pain, suffering and anguish, all to Plaintiff's general damage in a sum in excess of the minimal jurisdictional requirements of this Court to be determined at some future date, according to law.  Accordingly, Plaintiff will also seek prejudgment interest for all such damages.

24.  As a further direct and proximate result of the negligence of the Defendants, Plaintiff was required to, and did, employ physicians, surgeons and other health care practitioners to examine, treat and care for Plaintiff, and did incur medical and incidental expenses.  The exact amount of such expenses are unknown to Plaintiff at this time, and Plaintiff will ask leave to amend this Complaint to set forth the exact amount thereof when the same is ascertained.

25.  As a further direct and proximate result of the negligence of the Defendants Plaintiff sustained loss of earnings and earning capacity.  The exact amount of such loss is unknown to Plaintiff at this time, and Plaintiff will ask leave to amend her Complaint to set forth the exact amount thereof when the same is ascertained.

### THIRD CAUSE OF ACTION
### (BREACH OF WRITTEN CONTRACT)

(Alleged Against All Defendants)

26.  Plaintiff incorporates herein by reference all the allegations set forth in paragraphs 1 through 25, inclusive, in their entirety as if fully set forth herein and with the same force and effect.

27. On or about June 5, 2023 within the County of San Bernardino, State of California, Plaintiff purchased of an airline ticket from Defendants, and each of them, that included the right to passage on American Airlines Flight Number 6025.  The express terms of the written contract are incorporated by reference into this Complaint.

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

28. Through the purchase of the subject airline ticket, Plaintiff entered into a written contract with Defendants, and each of them, requiring the Defendants to guarantee Plaintiff safe travel on American Airlines Flight Number 6025 that was scheduled to take place on June 10, 2023.

29. As alleged herein, Defendants breached the express terms of the written contract by failing to maintain the subject aircraft in a safe condition, and failing to make available to Plaintiff, a safe aircraft for passage. As a result of said breaches, Plaintiff suffered direct economic harm.

30. As alleged herein, the Defendants, and each of them, failed to fulfill their obligations in good faith, breached their duties owed to Plaintiff under the relevant contract, and said breach caused economic harm to the Plaintiff as a contracted passenger.

31. At all relevant times, Plaintiff had fulfilled all of her obligations under the contract with Defendants.

32. Plaintiff suffered substantial economic harms related to Defendants' breach of the express terms of the written contract between the parties.

**WHEREFORE**, Plaintiff prays as follows:

### FIRST CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial in a sum in excess of $75,000.00;
2. For legal interest on the sum of Plaintiff's losses according to proof;
3. For damages for lost income, according to proof;
4. For special damages, according to proof;
5. For general damages, according to proof;
6. For court costs according to proof;
7. For pre-judgment interest;
8. For such other and further relief as the court may deem just and proper.

///

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## SECOND CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial in a sum in excess of $75,000.00;
2. For legal interest on the sum of Plaintiff's losses according to proof;
3. For damages for lost income, according to proof;
4. For special damages, according to proof;
5. For general damages, according to proof;
6. For court costs according to proof;
7. For pre-judgment interest;
8. For such other and further relief as the court may deem just and proper.

## THIRD CAUSE OF ACTION

1. For the principal amount of the value of Plaintiff's claim, subject to proof at trial in a sum in excess of $75,000.00;
2. For legal interest on the sum of Plaintiff's losses according to proof;
3. For special damages, according to proof;
5. For court costs according to proof;
6. For pre-judgment interest;
78. For such other and further relief as the court may deem just and proper.

## ALL CAUSES OF ACTION

1. For costs of suit incurred herein; and,
2. For such other and further relief as the court may deem just and proper.

/ / /

/ / /

/ / /

**PLAINTIFF'S COMPLAINT FOR DAMAGES**

## DEMAND FOR TRIAL BY JURY

COMES NOW the Plaintiff who, pursuant to the United States Constitution, hereby demands Trial by jury as to all Causes of Action and issues in this Complaint, in accordance with Rule 38 of the Federal Rules of Civil Procedure.

DATE: June 9, 2024                              **THE NOVAK LAW FIRM, P.C.**

BY: _____
SEAN M. NOVAK
Attorney for Plaintiff
THERESA RODRIGUEZ